## AMOS S. SPILLER'S CASE.

### Cumberland. Opinion April 27, 1923.

*Under the Workmen's Compensation Act the findings of the Commission on questions of fact in absence of fraud, drawing inferences natural and more consistent with proved or admitted facts than is any other theory, are final.*

This case shows that the illness from which the claimant suffered followed a heavy cold contracted about the date of the injury claimed, and that for several days thereafter the claimant continued in his employment and was then confined to his house. He later made a claim against an insurance company for sick benefits, being in the meantime treated for sciatica, until in May, or later an X-ray expert pronounced the illness due to injury.

There was testimony introduced by the plaintiff for the purpose of locating an injury at the time and place alleged, "arising out of and in the course of his employment," testimony conflicting and inconsistent with the claim set up by the petitioner.

With such condition and the questions of fact involved therein the law charges the Commission to deal. It was the duty of the Commission to weigh the testimony and to pass upon the credibility of the same. In the absence of fraud such findings by the Commission are final. "The Court will review the Commissioner's reasoning, but will not, in absence of fraud, review his findings as to the credibility and weight of testimony."

On appeal. The claimant in his petition for compensation under the Workmen's Compensation Act alleged that while in the employ of the Dana Warp Mills at Westbrook, Maine, as a beamer, in removing from its frame and placing it on a truck to be wheeled away, a beam wound full of yarn weighing about four hundred pounds, he received an injury to his back. Compensation was denied and an appeal taken. Appeal dismissed. Decree affirmed.

The case is fully stated in the opinion.

*William Lyons*, for petitioner.

*Eben F. Littlefield and Andrews, Nelson & Gardiner*, for respondents.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL, DEASY, JJ.

HANSON, J.   This is an appeal by the claimant from a decision of the Chairman of the Industrial Accident Commission denying compensation.

In his petition, filed with the Commission on the second day of August, 1922, the claimant alleged,—

First, that on the second day of March, 1922, while working on a beamer in the employ of the Dana Warp Mills at Westbrook, I received a personal injury by accident arising out of and in the course of my employment.

Second, said accident happened as follows:   I was taking out a beam out of my frame.

Third, which resulted in an injury as follows:   And when I stepped back my back gave way and I had to drop the beam on the track.

To the question on the petition, "Did employer have notice in writing of the accident," he answered, No; and to the following question,—"Did the employer have knowledge of the injury," he answered, No.

The respondents in their answer denied liability on the grounds,

1.   That the petitioner did not suffer injury as claimed.

2.   That he failed to give notice of an accident to the respondents within the statutory period.

3.   That the disability suffered by petitioner is not due to a personal injury received while in the employ of the respondents.

4.   That the petitioner has made a claim for and accepted money consideration from a company other than the respondent, in settlement of a disability due to illness.

5.   That the illness for which this settlement was made is the same disability for which this petitioner now seeks compensation as a result of accident.

The issues raised by the petition and answer were clearly issues of fact.

After a full hearing the Commission denied compensation for the following reasons:

"First, failure to give the employer a notice in writing of the alleged accident, as required by statute, the employer having no knowledge of any injury due to any accident.

Second, failure to establish by the weight of the evidence the fact that the petitioner sustained a personal injury by accident arising out of and in the course of his employment as alleged.

A careful examination of the record discloses that the finding of the Commission is amply supported by the evidence. As to notice in writing required by Section 17 of the Act (Chapter 238 of the Public Laws, 1919) "that no proceedings for compensation for an injury under this act shall be maintained unless notice of the accident shall have been given to the employer within thirty days after the happening thereof," it was admitted that no such notice was given. The Commission further found as a fact that failure to give notice was not due to "accident, mistake or unforeseen cause." Sec. 20 of Chap. 238, Public Laws, 1919.

The case shows that the illness from which the claimant suffered followed a heavy cold contracted about the date of the injury claimed, that for several days thereafter the claimant continued in his employment and was then confined to his house. He later made a claim against an insurance company for sick benefits, being in the meantime treated for sciatica, until in May, or later, an X-ray expert pronounced the illness due to injury.

There was testimony introduced by the plaintiff for the purpose of locating an injury at the time and place alleged, "arising out of and in the course of his employment," testimony conflicting and inconsistent with the claim set up by the petitioner.

With such condition and the questions of fact involved therein the law charges the Commission to deal. It was the duty of the Commission to weigh the testimony and to pass upon the credibility of the same. In the absence of fraud such findings by the Commission are final. "The Court will review the Commissioner's reasoning, but will not, in the absence of fraud, review his findings as to the credibility and weight of testimony." *Mailman's Case*, 118 Maine, 172.

*Appeal dismissed.*
*Decree affirmed.*